1
2
3
4                   UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
5                             AT TACOMA

6    TIFFANY RECINOS,
7                        Plaintiff,          Case No. 3:23-cv-5546-RJB

8          v.                                ORDER TO SHOW CAUSE OR
                                             FILE AMENDED COMPLAINT
     JUAN RECINOS,
9
                        Defendants.
10

11        This matter comes before the Court on plaintiff's motion to proceed *in forma*

12   *pauperis*. Dkt. 1. This matter has been referred for review of the IFP application to the

13   undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261

14   (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For reasons discussed

15   below, plaintiff is ordered to show cause why this cause of action should not be

16   dismissed or file an amended complaint on or before **July 21, 2023**.

17                          FACTUAL BACKGROUND

18        Plaintiff, proceeding *pro se*, brings this action against defendant, Juan Recinos,

19   whom plaintiff identifies as the biological father to her four children. Dkt. 1-1. Plaintiff

20   also names Washington State, Shannon Barry, an employee of "DSHS" and Abigail

21   Hughes, an employee of "DCS", as defendants. *Id*. Elsewhere in the complaint, plaintiff

22   names the Washington State Department of Corrections, Washington State Department

23   of Social and Health Services, and the Washington State Department of Child Support

24
25

ORDER TO SHOW CAUSE OR FILE AMENDED
COMPLAINT - 1

as defendants. *Id*. at 2-5.  Plaintiff alleges the basis for jurisdiction as both federal question and diversity jurisdiction. *Id*. at 3.

Plaintiff claims that she is owed $3.25 billion U.S. Dollars because her inheritance was stolen. *Id*. at 5. Specifically, plaintiff states that Juan Recinos stole the inheritance she received from her grandparents after she was involved in a car accident, and she appears to challenge the role of various Washington State departments in the probate proceedings. *Id*. at 6. She is seeking the enforcement of child support, back payments, alimony, and 100 percent of her inheritance. *Id*. at 7. Plaintiff attaches 49 pages of documentation in support of her claim, including a 2011 Order prohibiting contact issued in Pierce County Superior Court, a 2023 Order denying a motion to rescind the no contact order issued in Pierce County Superior Court, a 2022 petition for writ for execution and writ for garnishment filed by plaintiff in Pierce County Superior Court, a 2011 parenting plan signed by the Pierce County Superior Court, the Last Will and Testament of Maxene Peterson filed in the Pierce County Clerk's office in 2008, the Last Will and Testament of Keith Peterson filed in the Pierce County Clerk's Office in 2010, two 2023 notices from the Washington State Department of Social and Health Services Division of Child Support declining to review the 2011 support order, and a letter from the Social Security Administration informing plaintiff about her social security benefits. *Id*. at 8-57.

## DISCUSSION

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad

1   discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598

2   (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

3           Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset

4   if it appears from the face of the proposed complaint that the action is frivolous or

5   without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987)

6   (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis*

7   complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d

8   at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v.*

9   *Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

10           A *pro se* plaintiff's complaint is to be construed liberally, but like any other

11   complaint it must nevertheless contain factual assertions sufficient to support a facially

12   plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic*

13   *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when

14   "the plaintiff pleads factual content that allows the court to draw the reasonable

15   inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

16   678.

17           Unless it is absolutely clear that no amendment can cure the defects of a

18   complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an

19   opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66

20   F.3d 245, 248 (9th Cir.1995). Leave to amend need not be granted "where the

21   amendment would be futile or where the amended complaint would be subject to

22   dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

23       A.  Subject Matter Jurisdiction

24

25

ORDER TO SHOW CAUSE OR FILE AMENDED
COMPLAINT - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

A federal court has an obligation to determine whether the requirements of federal subject matter jurisdiction have been met, even if the parties do not bring this issue to the attention of the court. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Federal subject-matter jurisdiction exists under: (1) diversity jurisdiction and (2) federal-question jurisdiction. U.S. Const. Art. III §2, cl. 1; 28 U.S.C. §§ 1331, 1332.

If there is no basis for federal subject matter jurisdiction, the court must dismiss the complaint in its entirety. *Arbaugh,* 546 U.S. 500 at 514. "Lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties." *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934); *see also, Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) ("the first and fundamental" question that a federal court must ask is whether it has Article III jurisdiction, and if the court makes a decision in a case where the court lacks jurisdiction "a court [would] act ultra vires").

Plaintiff indicates that this Court has both federal question and diversity jurisdiction over her claim. Dkt. 1-1 at 3. The only bases for federal question jurisdiction that plaintiff cites are the Ninth Amendment to the Constitution and the Supremacy Clause of Article Six of the Constitution, however, plaintiff fails to state any causes of action under either of these principles. Matters of federal question arise under federal law only when the federal questions arise on the face of the well-pleaded complaint. *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987).

Furthermore, it does not appear that plaintiff's claim for diversity jurisdiction is availing. First, all but one of the defendants named in plaintiff's complaint are Washington State, departments of Washington State, and apparent employees of these

departments, and plaintiff indicates that the remaining defendant's "citizenship" is currently unknown. *See* Dkt. 1-1 at 5.

However, even if Juan Recinos were determined to be a citizen of a state other than Washington for the purpose of diversity jurisdiction, to the extent that plaintiff seeks this Court to manage issues arising out of alimony or child custody disputes, the diversity between the parties would not confer jurisdiction because these claims fall into the domestic relations exception to federal diversity jurisdiction. *Bailey v. MacFarland*, 5 F.4th 1092, 1095 (9th Cir. 2021); *see also Marshall v. Marshall*, 547 U.S. 293, 307 (2006). Additionally, to the extent that plaintiff seeks this Court to probate her grandparents' wills or administer the estates of her grandparents, the diversity between the parties would not confer jurisdiction because these claims fall into the probate exception to federal diversity jurisdiction. *Goncalves By & Through Goncalves v. Rady Children's Hosp. San Diego,* 865 F.3d 1237, 1252 (9th Cir. 2017); *see also Marshall v. Marshall*, 547 U.S. 293, 311 (2006)

CONCLUSION

Due to the deficiencies described above, it appears that plaintiff's complaint is subject to dismissal. Plaintiff may show cause why the complaint should not be dismissed or may file a proposed amended complaint to cure, if possible, the deficiencies noted herein, on or before **July 21, 2023**.

If an amended complaint is filed, it must be legibly written or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana,*

1 | *Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v.*

2 | *Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

3 |       The Court will screen the amended complaint to determine whether it states a

4 | claim. If the amended complaint is not timely filed or fails to adequately address the

5 | issues raised herein, the undersigned will recommend dismissal of this action as

6 | frivolous under 28 U.S.C. § 1915.

7 |       The Clerk is directed to send plaintiff, a copy of this Order and the *Pro Se*

8 | information sheet, and to re-note plaintiff's IFP application for July 21, 2023.

9 |

10 |       Dated this 5th day of July, 2023.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE OR FILE AMENDED
COMPLAINT - 6